**CONNERS MARINE CO., Inc., v. NORTHWESTERN FIRE & MARINE INS. CO.**

No. 247.

Circuit Court of Appeals, Second Circuit.

March 8, 1937.

Thomas A. McDonald, of New York City, for appellant.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This action was removed from a state court on the ground of diverse citizenship.

It is an action at law upon a policy of marine insurance issued to the plaintiff and covering the legal liability of the insured as described in the policy, à copy of which is attached to the complaint. Upon motion, equivalent to a demurrer, the complaint was held insufficient and a judgment for costs was awarded to the defendant. This appeal followed.

It appears from the complaint that while the policy of insurance was in force the insured contracted with Arundel Corporation "to forward, transport, tow and carry" two scows and nineteen pontoons from Jones Beach, L. I., to New York Harbor. Two tugs owned and operated by the insured undertook to perform the towage, during which the pontoons broke adrift and some of them were lost and others damaged. Litigation ensued in which Arundel Corporation obtained a decree against the insured. In defending such litigation the insured incurred attorney's fees and legal expenses which the policy of insurance is alleged to cover in addition to the legal liability. They amounted to $4,477.95 and judgment was demanded for this sum. The District Court ruled that the plaintiff's liability to Arundel Corporation was not within the coverage of the policy. The correctness of this ruling is the sole issue before us.

■ This litigation illustrates once more the likelihood of controversy when underwriters pursue their inveterate and abominable practice of using an inappropriate printed form and attaching thereto a typewritten rider which describes elliptically the real terms of the insurance contract and contradicts nearly everything in the printed form. In this instance the printed form was the "A. I. A. Inland Vessel Form," appropriate for insuring a vessel against marine risks but wholly inappropriate for a legal liability policy. It starts with the statement that Conners Marine Company, Inc., on account of whom it may concern, is insured for $10,000 "upon the good Barges & Cargoes called As per form attached her Body, Tackle," etc. To the last page is attached a rider stating that the terms and conditions of "this form" are to be regarded as substituted for those of the policy. This leaves nothing of the printed form except the opening clause already mentioned and the subscription clause executed by the underwriter. New York & P. R. S. S. Co. v. Aetna Ins. Co., 204 F. 255 (C.C.A.2). The pertinent clauses of the rider are printed in the margin.[1]

■ The appellant contends that its legal liability as owner and operator of the two tugs is within the coverage of the policy since they are "hulls." Taken broadly, the word might be used to describe tugs, but it must be observed that the phrase in the rider is "Hulls and Cargoes," and in the printed policy "Barges and Cargoes called As per form attached." This colors and limits the meaning of the word "hulls." Moreover, we think it significant that in the first clause of the rider, enumerating the various relationships in which the legal liability of the insured may arise, that of tower is omitted. Consequently we are of opinion that the "hulls" referred to are cargo-bearing hulls as to which

---

[1] "Conners Marine Company, Inc. and/or Arthur Conners

"For account of whom it may concern; loss if any payable to Insured, or order.

"It is understood and agreed that this policy covers only the Legal Liability of the Insured as Owners, Managing Owners, Operators and/or Operating Agents, Charterers, Carriers, Warehousemen, Stevedores, Wharfingers, Forwarders or Freighters as imposed by law.

"The Insured warrant that they will assume no liability for vessels or merchandise held in their custody as Owners, Managing Owners, Operators, and/or Operating Agents, Charterers, Carriers, Warehousemen, Stevedores, Wharfingers or Freighters, beyond that imposed by law. * * *

"This insurance does not cover any liability assumed under contract or otherwise in extension of the liability imposed by [on] the Assured by law.

"This insurance does not cover any claim for loss of life or personal injury.

"Covering their Legal Liability as to both Hulls and Cargoes owned, operated and chartered or forwarded by the Insured for not exceeding $10,000., by reason of any one accident.

"The seaworthiness of the vessel and/or vessels as between the Assured and Assurers is hereby admitted. * * *

"It is understood and agreed that this policy also covers any and all attorney's fees and legal costs (incurred by the Insured with the consent of the underwriters) arising from the defense of any liability, of the Insured covered hereby. Underwriters, however, reserve the right to conduct the defense of any actions or suits at their own expense."

the insured as owner, operator, etc. might incur legal liability, but do not include tugs used for towage.

It is further urged that, since the complaint alleges that the pontoons were taken into the plaintiff's "possession for the transportation and carriage" mentioned, they are either "hulls" or "cargoes" as to which the insured incurred legal liability as carrier, forwarder, or freighter. We may take judicial notice that pontoons are not cargo-bearing hulls, such as the policy refers to. Neither can they be considered cargoes, since the allegation that they "broke away" from the tugs shows that they were water-borne. The contract to "forward, transport, tow and carry" was plainly a contract of towage. Accordingly, we agree with the court below that the plaintiff's liability to Arundel Corporation was not within the coverage of the policy, and therefore the attorney's fees and expenses incurred in that litigation were not.

Judgment affirmed.